**Keyse G. JAMA, Appellee,**

v.

**John ASHCROFT, Attorney General of the United States, Appellant.**

No. 04–1127.

United States Court of Appeals, Eighth Circuit.

March 25, 2004.

Rehearing and Rehearing En Banc Denied May 19, 2004.*

Jeffrey John Keyes, Kevin M. Magnuson, Briggs & Morgan, Minneapolis, MN, for Petitioner–Appellee.

Keyse G. Jama, Minnesota Correctional Facility, Rush City, MN, pro se.

Lonnie F. Bryan, Asst. U.S. Attorney, Minneapolis, MN, David J. Kline, Christine A. Bither, Greg D. Mack, Washington, DC, for Respondent–Appellant.

**JUDGMENT**

The district court's judgment ordering the release of petitioner under 28 U.S.C. § 2241 is reversed because the district court erred in concluding that "there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The United States Supreme Court has granted certiorari in Mr. Jama's immigration case, and we believe that the Court will decide the case in a reasonable time and that it would be wrong to conclude that there is no significant likelihood that the government will prevail.

BYE, Circuit Judge, dissenting.

Pursuant to the Supreme Court's directive in *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), I would affirm the district court's judgment ordering Keyse Jama's release. I therefore respectfully dissent from the panel's order reversing the district court's judgment.

My disagreement with the panel's order is two-fold. First, I have a different view of the impact the Supreme Court's grant of certiorari has on our determination whether Mr. Jama's removal is likely in the "reasonably foreseeable future." *Id.* It is my understanding the Supreme Court will not hear arguments in Mr. Jama's case

* Judge Bye would grant the petition for rehearing en banc.

1118

until the Court's next term. Thus, a decision on the merits will likely not be issued for at least a year. Mr. Jama has already been in post-removal-order administrative custody since May 2001. Thus, even assuming the Supreme Court ultimately decides against Mr. Jama on the merits and permits his removal, an added delay of more than a year places his removal beyond the reasonably foreseeable future. *See id.* ("[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

Second, I stand by my analysis of the merits of Mr. Jama's arguments. *See Jama v. INS*, 329 F.3d 630, 635–37 (8th Cir.2003) (Bye, J., dissenting) (mandate recalled and stay granted Nov. 10, 2003), *cert. granted*, — U.S. —, 124 S.Ct. 1407, 158 L.Ed.2d 76 (2004); *see also Ali v. Ashcroft*, 346 F.3d 873, 886 (9th Cir. 2003) (holding 8 U.S.C. § 1231(b)(2) "does not authorize the Attorney General to remove Petitioners to Somalia because it lacks a functioning government that can accept them."). Therefore, I believe there is a significant likelihood the government will not prevail, making Mr. Jama's pending removal even less reasonably foreseeable.

I respectfully dissent.